UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GANT,

    Plaintiff,

v.                                                                                          Hon. Jane M. Beckering

UNITED STATES GOVERNMENT,                                        Case No. 1:24-cv-754

    Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Eric Gant, proceeding pro se, initiated this putative class action on July 25, 2024, against the United States Government.[1] (ECF No. 1.) He alleges that, in April 2024, President Biden signed a bill that would require ByteDance, the Chinese owner of the popular app TikTok, to sell that app to a United States company. (*Id.* at PageID.1.) Plaintiff alleges that the law is unconstitutional because it infringes citizens' rights of free trade, commerce, business exchange, and to contract with ByteDance. Plaintiff alleges that by enacting the law, the United States breached its fiduciary duty, was negligent, and violated his constitutional rights under the First and Fourteenth Amendments, as well as the Freedom of Information Act (FOIA).

On July 25, 2024, I granted Plaintiff's motion to proceed as a pauper (ECF No. 4) and conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial

---

[1] Plaintiff does not identify Edward Norton or explain his connection to this case. I note, however, the existence of one famous individual named Edward Norton who is an actor, director, and producer of films, as well as an environmental activist and social entrepreneur. *See* https://en.wikipedia.org/wiki/Edward_Norton. There is no indication in the complaint that this is the individual Plaintiff intends to sue.

review, I recommend that Plaintiff's complaint be dismissed because the United States is immune from suit and the Court thus lacks jurisdiction over Plaintiff's complaint.

The Court lacks jurisdiction because Plaintiff fails to allege a statutory waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). It is well established that under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc., v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). A plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction. *Id.*

Here, Plaintiff fails to identify an express waiver of sovereign immunity by Congress that allows him to sue the United States in this action. Accordingly, his complaint is properly dismissed for lack of jurisdiction.[2]

**CONCLUSION**

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction because the United States is immune from suit. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is

---

[2] Although FOIA provides a limited waiver of sovereign immunity, 5 U.S.C. § 552(a)(4)(B), Plaintiff's mere mention of that statute is insufficient for Plaintiff to carry his burden of identifying an express waiver for his claims. Plaintiff clearly is not asserting a claim under FOIA for review of a government agency's withholding of documents. Moreover, the United States is not a proper defendant in a FOIA action. *See Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010).

judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: July 29, 2024                                          /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge

     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).